# Christ Church Hospital *versus* Fuechsel.

1. The coins reserved in a ground-rent payable in " Spanish milled silver dollars, each weighing seventeen pennyweights and six grains at least," are not legally represented by the legal tender currency of the United States.

2. The reservation is solvable in a commodity of a certain description and weight, and the law allows its value to be paid in legal tender currency.

3. Ordinary words and phrases are to be received in their ordinary acceptation, unless a contrary intent clearly appear.

January 10th 1867. Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ. STRONG, J., at Nisi Prius.

Error to the District Court of *Philadelphia.*

This was an amicable action of covenant, entered September 15th 1866, between The Rector, &c., of Christ Church, Philadelphia, for the use of Christ Church Hospital, plaintiff, and Frederick Fuechsel, defendant.

By a case stated, filed in the action, it was agreed that the

defendant was the owner of certain premises, subject to " the yearly rent or sum of thirty-two Spanish milled silver dollars, each weighing seventeen pennyweights and six grains at least, on the 1st day of May in each and every year thereafter for ever, free of any deduction for any taxes whatever," and that this ground-rent was owned by the plaintiff.

It was further agreed that three years' rent was due, and " that if the court shall be of opinion that by the terms of the covenant above reserving rent, the said rent is to be paid in the specific article or foreign commodity known as Spanish milled silver dollars, each weighing seventeen pennyweights and six grains at least, or so much current money as will purchase the same, then judgment to be given for the plaintiff for" $150.87, with interest and costs, but if the court should be of a different opinion, judgment to be entered for the plaintiffs for $96 with interest—and costs for the defendant.

The District Court, September 22d 1866, entered judgment for the plaintiffs for $104.01, with costs for defendant.

The plaintiffs took a writ of error; and assigned for error, the entering of judgment for $104.01, and not entering judgment for $164.51.

*S. Wetherill*, for plaintiffs in error, cited Acts of Congress, February 21st 1857, 1 Brightly's Dig. 156; February 25th 1862, Stat. at Large 345; Rees's Cyclopedia, vol. 28, tit. *Pieces of Eight;* Emerson's Arithmetic, p. 225; Encyc. Brit. 1797, tit. *Dollar;* Mather *v.* Kinike, 1 P. F. Smith 425.

*C. E. Lex*, for defendant in error, cited Mather *v.* Kinike, 1 P. F. Smith 425; Act of Congress, March 2d 1799, 1 Brightly's Dig. 154.

The opinion of the court was delivered, January 28th 1867, by

THOMPSON, J.—The covenant in the ground-rent deed in this case is, to pay " the yearly rent or sum of thirty-two Spanish milled dollars, weighing seventeen pennyweights and six grains at least, on the 1st day of May, in each and every year thereafter, for ever."

The court below seems to have been of opinion that the specific coins reserved in this deed for the rent, are legally represented by the paper dollars of our legal tender currency, and entered judgment in the case stated on this basis.

At the date of this covenant, the 25th of June, 1794, the great majority of the coins in circulation in this country were foreign, differing in standard fineness and denomination. What might be the policy of Congress in regard to these coins, as measured by

our standard, was by no means settled, as the Acts of 1793–99 and 1806, will show, and hence we find in numerous cases that on the conveyance of the fee, the ground-rent landlord reserved his rent in specific coins, of known fineness and designated weight. This would have been entirely unnecessary if it had been intended that whatever might thereafter become lawful money, would pay the rent, as well as that which the parties had agreed upon.   In this view the parties must be supposed to have used terms in the covenant, knowing they were not to be binding.   That when they said the payment must be " in specie," they meant it might be in paper, and when they fixed its weight and therefore its value, it might be paid in something having no weight, and, at least, of much less value.   The parties had a right to bargain as they did—there was no law forbidding it, and we are not impairing it unless we do what the parties did not intend, hold that the covenant was solvable in any kind of lawful money.

But I think we have conclusively settled the point in the case of Mather v. Kinike, 1 P. F. Smith 425.   We held in that case, that the rent being reserved in a certain coin, described as Spanish " pieces of eight," that it was payable in a commodity, and that the plaintiff was entitled to just so much lawful money as would equal it in value ; in other words, that would purchase it.   When we come to learn what these " pieces of eight" were, we find they were Spanish dollars : Rees' Encyc. vol. 28, tit. *Pieces of Eight.*   Emerson's Arithmetic, at p. 225, says, in speaking of Spanish coin, " Eight reals make the *piastre,* which is also called the dollar of exchange."   Kelly's Cambist, vol. 2, p. 301, is to the same import.   It can hardly be supposed that the designation by different terms of the same thing will make it a different thing.   Unless this be true, we have decided this question.

But the defendant in error argues that this covenant differs from that, inasmuch as in that, the stipulation was in the alternative ; that is to say, if not paid in " Spanish pieces of eight," then it was to be paid in so much lawful money of the province of Pennsylvania, as should be sufficient to purchase the coin.   It seems to me, that the only difference between the covenants consists in expressing in the one what is implied in the other.   If we ought to hold the reservation in this deed as solvable in a commodity of a certain description and weight, then our law allows its value to be paid in lawful or legal tender currency. That is the settled rule in all cases of failure to deliver specific articles, and that is what this case is, tested by the decision referred to.

But it is further argued that the word " dollar," occurring in the covenant before us, implies that dollars of any species, so

[Christ Church Hospital *v.* Fuechsel.]

they be lawful money, would discharge the rent.   But to agree to this would be to disregard the word as a descriptive term, and elevate it into an important qualification of the covenant.   It stands in no such relative position as to imply this, and before giving it such a material consequence it ought very clearly to appear that it was not only used as a descriptive term, but more, that it was intended to imply that the covenant was for whatever might be dollars.   Ordinary words and phrases are to be received in their ordinary acceptation unless a contrary intent clearly appear.   Here the word expresses the name of the coins to be paid, which are to be of a peculiar size and such weight, and nothing more, and the whole description is of a foreign commodity.   That, in obedience to the terms of the contract, either must be delivered in specie or its equivalent.   It shocks our sense of justice to be asked to come to a conclusion, that neither the one nor the other is necessary to satisfy the covenant.

In Mervine *v.* Sailor, 2 P. F. Smith 18, some of us contended for this doctrine as applicable to a covenant to pay the rent in " lawful silver money of the United States, each dollar weighing seventeen pennyweights and six grains at least."   But the majority held that the lawful silver money of the United States being legal currency, and " lawful money," a debt could be discharged by legal tender notes, made " lawful money," and that the covenant was only descriptive of lawful money in existence *when* it was entered into, which the government might change. I admit that there is a distinction between the cases, one being solvable by express terms in lawful money of the United States, and the other not.   Without enlarging, we think the court below erred in entering judgment as it did for $104.01, the exact number of dollars in the account, with interest, and that the judgment should have been for the value of the coin and interest, viz., for $164.51, with interest from the 22d September 1866, and costs of suit.

Judgment reversed.