B. JOHNSON ET AL. v. THOMAS ASH.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
NO. 2 PHILADELPHIA COUNTY.

Argued April 8, 1891—Decided April 27, 1891.

Where a ground-rent was reserved by a deed dated June 11, 1808, paya-
ble in Spanish Milled Dollars, a tender of the amount in such dollars in
1890 was valid. The owner was not then entitled to demand lawful
silver coin of the United States.

Before PAXSON, C. J., GREEN, CLARK, McCOLLUM and
MITCHELL, JJ.

No. 292 January Term 1891, Sup. Ct.; court below, No. 835
September Term 1890, C. P. No. 2.

On November 18, 1890, a case stated was filed wherein
Barclay Johnson and Sallie P., his wife, in right of said wife,
and Elizabeth B. Pleasants, were plaintiffs, and Thomas Ash
was defendant, setting forth:

A deed from Israel Pleasants and wife to Thomas Ash, dated
June 11, 1808, for premises at the northeast corner of Bain-
bridge and Charles streets, reserving to the grantors, their heirs
and assigns, forever, "the rent or sum of fifty-four Spanish
Milled Silver Dollars and two thirds of a dollar, in four even
quarterly payments of thirteen dollars and two thirds of a dol-
lar each, on the twelfth day of the months of March, June,
September and December, in each and every year forever,
hereafter." Except in this reservation, the word "dollars"
was used without any designation.

On March 12, June 12, and September 12, 1890, quarterly
payments of said ground-rent became due, and as each quarter-
ly payment matured, the defendant, holding under Thomas
Ash the covenantor, tendered to the plaintiffs thirteen Spanish
Milled Dollars and sixty-seven cents. The owners refused ac-
ceptance, alleging that they were entitled to payment in law-
ful silver money of the United States. The question submitted
was the validity of said tenders.

The case stated set out further, in substance, as follows:

Opinion of the Court.

In 1792, congress adopted the Spanish milled silver dollar as the standard of value of the United States dollar authorized to be coined by that act: 1 U. S. St. at L., 248.

In 1806, congress made Spanish milled silver dollars, of 17 pwts. 7 grs. in weight, a legal tender for all debts, at the rate of one hundred cents of United States currency: 2 U. S. St. at L., 374.

In 1857, congress demonetized Spanish milled silver dollars.

In 1868, Spain adopted the currency of the Latin Union in which the dollar had no place, made the new coinage obligatory, and provided for the withdrawal of the old currency.

—After argument, judgment was entered in favor of the defendant in the case stated, without opinion filed. Thereupon, the plaintiffs took this appeal, specifying that the court erred in entering judgment for the defendant, and in not entering judgment for the plaintiffs.

*Mr. Henry Pleasants* (with him *Mr. Samuel Hinds Thomas*), for the appellants.

Counsel cited: Shollenberger v. Brinton, 52 Pa. 34; Mervine v. Sailor, 52 Pa. 18; Butler v. Horwitz, 7 Wall. 361; Dutton v. Pailaret, 52 Pa. 112; United States v. Gardner, 10 Pet. 618; Lee v. Knox, 12 Wall. 467.

*Mr. Joseph M. Pile*, for the appellee.

Counsel cited: Mather v. Kinike, 51 Pa. 426; Christ Church Hospital v. Fuechsel, 54 Pa. 71; Perot v. Eichholz, 25 W. N. 527; Dutton v. Pailaret, 52 Pa. 109; Butler v. Horwitz, 7 Wall. 361.

PER CURIAM:

The court below properly held that the plaintiffs were obliged to receive the kind of money the contract called for. It is to be presumed that when the ground-rent was created, the reservation of the rent in Spanish Milled Silver Dollars was for the benefit of the owner of the rent. It was certainly not for the benefit of the ground-tenant. The plaintiffs, having enjoyed what benefit there was under the contract, may well take the disadvantages thereof, if there are any.

Judgment affirmed.

On May 18, 1891, a motion for a re-argument was refused.