## Milligan *v.* Marshall, Appellant.

*Ground rent—Spanish milled dollars—Tender—Interest.*

1. Where a ground rent deed reserves a yearly rent in a stated number of Spanish milled dollars each weighing seventeen pennyweights and six grains at least, a tender made of the exact kind of money stipulated in the deed, is a good tender, and is not defeated by the fact that it does not include interest for nine days, amounting to one and one-quarter cents. The demand of one and one-quarter cents even as interest is too small and trifling a matter with which to vex the courts.

2. An owner of a ground rent reserved in the deed as so many Spanish milled silver dollars can only recover the present current value of such dollars.

Argued Oct. 9, 1907. Appeal, No. 49, Oct. T., 1907, by defendant, from order of C. P. No. 4, Phila. Co., Sept. T., 1906, No. 2,626, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Mary L. Milligan et al.

v. Alexander Marshall, Covenantor, and Harry Weinreich, Owner. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Reversed.

Assumpsit to recover ground rent.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*Henry M. DuBois,* for appellant.—That appellant is entitled to pay the ground rent as it accrues in Spanish milled silver dollars cannot be doubted.  The law has been plainly fixed by rulings both of our own Supreme Court and that of the United States: Johnson v. Ash, 142 Pa. 45; Mather v. Kinike, 51 Pa. 425; Dutton v. Pailaret, 52 Pa. 109; Christ Church Hospital v. Fuechsel, 54 Pa. 71; Butler v. Horwitz, 74 U. S. 258.

Plaintiff, however, objected to the sufficiency of the affidavit upon the ground that the tender averred was not accompanied by interest for the eight days during which it remained unpaid.

Appellant contends that this is not sufficient to prevent the tender from being a full and substantial one: Christ Church Hospital v. Fuechsel, 54 Pa. 71; Boyden v. Moore, 5 Mass. 365; Dwinel v. Soper, 32 Maine, 119; O'Grady v. Barnhisel, 23 Cal. 287; Workman v. Worcester, 118 Mass. 168; Thatcher v. People, 79 Ill. 597; Huntington v. Winchell, 8 Conn. 45; McQuesney v. Hiester, 33 Pa. 435.

Appellant contends that as between the original parties to the ground rent deed, Spanish milled silver dollars named therein were money: Sachse v. Myers, 15 Pa. Superior Ct. 425; Streaper v. Fisher, 1 Rawle, 155; Conable v. Van Housen, 11 Pa. Superior Ct. 497.

The tender averred in the affidavit having been made before suit brought should have caused the court either to discharge the rule (see Derr et al. v. Coar, 1 W. N. C. 433, and Wheeler v. Woodward, 66 Pa. 158), or to have refused to enter a general judgment with costs: North Penna. Fire Insurance Company v. Susquehanna Fire Insurance Company, 2 Pearson, 289.

Appellant would not have complained had the court directed

judgment to be entered against him in American money equivalent to the value of Spanish milled dollars, viz.: $9.25 without costs. The learned court, however, erroneously directed the entry of judgment for $14.25, American money, with costs.

The settled law of the land is, that the judgments are to be entered for current money equal in present value to the coin, including Spanish silver dollars, in which the debt was originally made payable: Cadwalader on Ground Rents, 199, 200; Shoenberger v. Watts, 5 Phila. 51.

Furthermore, a jury should have been called to assess the damages: Mervine v. Sailor, 5 Phila. 422.

*Carlyle H. Ross*, with him *John G. Johnson*, for appellee.— Appellant admits that interest was due, was not tendered, and yet asks this court to say that the failure to tender interest must be disregarded, because the same was trifling. Is the court willing to agree to this proposition? If so, just what amount of interest must be due on a debt to escape the objection? Davis v. Sabita, 63 Pa. 90.

If the court is impressed by the smallness of the amount of interest claimed, and it must be remembered that that is the matter directly in controversy, it may not be uninstructive to refer to the case of Pindar v. Wadsworth, 2 East, 154, where the court permitted the plaintiff to recover one farthing (half a cent) damages, that being the actual amount thereof by calculation. Interest runs on arrears of ground rent: McQuesney v. Hiester, 33 Pa. 435; Buck v. Fisher, 4 Wharton, 516.

Appellant contends also that the court erred in entering a general judgment and should have directed an inquiry as to the value of the coin called for by the deed. In the absence of any evidence in the court below as to the value of Spanish dollars, it is submitted that the court was justified in assuming that the value was the same as in the currency of the United States and that the judgment as entered was proper.

OPINION BY ORLADY, J., February 26, 1909:

By deed of Jacob Heltzheimer to Alexander Marshall, dated September 8, 1797, and duly recorded, there is "reserved a yearly rent of Twenty-eight Spanish Milled Silver Dollars, each

weighing seventeen pennyweight and six grains at least, and one-half of such a dollar payable half yearly on the first day of the months of April and October, in every year forever." This action was brought October 12, 1906, to recover six months' ground rent to October 1, 1906,. the amount claimed being $14.25, together with interest thereon from October 1, 1906.

The affidavit of defense states that on October 9, and before suit was brought, a proper tender was made of the full amount of the exact kind of money stipulated in the deed, and that the acceptance thereof was refused. This tender was renewed in the affidavit of defense for the described money for the six months' ground rent, due October 1, 1906. The court made absolute a rule for judgment against the appellant, for want of a sufficient affidavit of defense, and the damages were assessed at $14.58. No opinion was filed in the court below, consequently we are at a loss to know exactly upon what ground and for what reason the court made its order.

The ground rent is irredeemable, and the appellant claims the right to pay it as it accrues, in the kind of money called for in the deed. It is conceded on argument that the real question is one of tender, and it is urged by the appellee that the tender was not good, for the reason that it did not embrace interest on the amount admitted to be due; the tender having been made nine days after the ground rent matured, this interest being about one and one-quarter cents.

A creditor is not bound to accept less than the full amount of his demand, and a tender of part· only of a single entire demand is of no effect; it makes no difference that the insufficiency in amount arises from an honest mistake on the part of the debtor; the mistake must be regarded as his mistake: 28 Am. & Eng. Ency. of Law (2d ed.), p. 17.· The court is obliged judicially to notice the fact that the ground rent reserved in the deed is at present a debased currency for which we have only a computed equivalent in the money, current as such in this country. The character of the circulating medium and the popular language in reference to it are to be judicially noticed by the court: Wasson v. First National Bank of Indianapolis, 107 Ind. 206; 17 Am. & Eng. Ency. of Law (2d ed.), 899.

If the question turned alone on the item of interest alleged to be claimed, we would hold that the demand of one and one-quarter cents even as interest was too small and trifling an item with which to vex the courts. The smallest coin known as current money could not be used to make payment of the disputed item. In Boyden v. Moore, 5 Mass. 365, it was held to be not a proper case to apply the maxim, yet it was said, "That the law will not regard trifles, is, when properly applied, a correct maxim. . . . In calculating interest, there may, and probably must arise fractions not to be expressed in the legal money of account; these fractions are trifles, and may be rejected. In making payments it is sometimes not possible, from the value and divisions of the current coin to make the exact sum; if the payment be made, as nearly as it can conveniently be made, the fractional part of a small coin may be neglected; it is a trifle;" and in Dwinel v. Soper, 32 Maine, 119, it is stated, "An amount which cannot be paid in any legally current coin of the country, must of course be disregarded. A literal application of the maxim would authorize the court to disregard also in the estimate of value of one of the least of the current coins."

The reason for refusing the tender is not stated, whether it was because of the debased currency, as it was called by the appellee, or on account of the one cent or one and one-quarter cents of interest. If for the reason that the one cent or one and one-quarter cents was withheld, it may well be held to be not a sufficient reason, being too insignificant to be considered. As between the original parties, the ground rent reserved in Spanish milled silver dollars was recognized and in use at that time as money throughout the United States, and as described in the ground rent deed, it came within the definition of money. However, such coins were demonetized by act of congress 1857, February 21, sec. 3, and while the legislation may not extinguish the debt, it may affect the current value of the coin mentioned in the contract, and with which the debt may be paid or tendered.

In Johnson v. Ash, 142 Pa. 45, the Supreme Court held that: "It is to be presumed that when the ground rent was created, the reservation of the rent in Spanish milled silver dollars was

for the benefit of the owner of the rent. It was certainly not for the benefit of the ground tenant. The plaintiffs having enjoyed what benefit there was under the contract, may well take the disadvantages thereof, if there are any." The legislation on this subject is carefully considered in the opinions filed in Cook v. Lovett, 65 Legal Intelligencer, 240, in which the authorities are carefully reviewed.

An agreement to pay in one of several lawful kinds of money will be enforced as between coin and paper, but not as between gold and silver, payment as between the latter being at the election of the payor, provided always that the coin chosen is legal tender at the time of payment: Rankin v. Demott, 61 Pa. 263; Morris v. Bancroft, 1 W. N. C. 223; Reinhart v. Collins, 2 W. N. C. 305. The plaintiff claims that the dollar value remains unchanged, by bringing his suit for $14.25. The appellant concedes that had the judgment been entered against him, in the money equivalent of the value of Spanish milled silver dollars, viz.: $9.25 without costs, he would have been content, under authority of Christ Church Hospital v. Fuechscl, 54 Pa. 71; Cadwallader on Ground Rents, 200; Shoenberger v. Watts, 5 Philadelphia, 51.

This contract is not hampered with the added and alternative provisions mentioned in some of the cases, as "or lawful money of the United States," or "specie gold or silver money of the United States," as an elective equivalent of the kind of money first designated in the contract. Had payment of this ground rent been tendered in any other kind of coin or money than that specially stipulated for, it could have been rightfully refused by the owner of the ground rent, as not being in compliance with the money specifically designated in the deed, and as the claimant in this case seeks to recover the ground rent in the equivalent of the current money of the day, he must accept that substituted money on the basis of present current value, which is not to be determined by the mere number of dollars as of the date of the contract.

The tender being good, it is not necessary to consider the other questions raised by the record, and the judgment is reversed, the record to be remitted with a procedendo.